UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Abbott Griffin,                                             Case No. 3:12-cv-1301

        Plaintiff

    v.                                                 MEMORANDUM OPINION
                                                        AND ORDER

Hilton Garden Inn,

        Defendant

This matter is before me *sua sponte* pursuant to my February 20, 2013, Order instructing Plaintiff Abbott Griffin to show cause by February 28, 2013, why this case should not be dismissed with prejudice for want of prosecution. (Doc. No. 16). As a result of Griffin's failure to show cause, and for the reasons stated below, Griffin's claims are dismissed with prejudice.

On May 23, 2012, Griffin filed a pro se complaint against Defendant Hilton Garden Inn, alleging Defendant discriminated against him on the basis of his race and illegally terminated his employment. Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) on September 13, 2012. I ordered Griffin to file a response to Defendant's motion to dismiss by October 31, 2012. (Doc. No. 9). On November 2, 2012, Griffin filed a motion to amend his complaint in order to include additional causes of action, and a motion for a 30-day extension of the deadline for his response to Defendant's motion to dismiss.[1] (Doc. No. 10). Within those motions, Griffin indicated he intended to retain an attorney to represent him in this matter. I granted

---

[1] On November 5, 2012, Griffin filed two separate motions restating the requests in his November 2 filing. (See Doc. No. 11 and Doc. No. 12).

Griffin's motion for leave to obtain counsel, and instructed him to file a notice of appearance of counsel by December 15, 2012.

On December 17, 2012, Griffin filed a second motion for an extension of time.  In this motion, Griffin reported he had identified a law firm to represent him and asked for an extension to permit his new attorney to become acquainted with the case.  (Doc. No. 14 at 1).  I granted that motion and instructed Griffin to notify my chambers when he had retained counsel, and to do so by January 14, 2013.  (Doc. No. 15).  After Griffin failed to comply with my order, I ordered him to show cause why his complaint should not be dismissed with prejudice for want of prosecution by February 28, 2013.  (Doc. No. 16).

On that date, Griffin filed a motion seeking a further extension.  He reported he needed to "deposit money into an escrow account before [his] attorney will participate in this case."  (Doc. No. 18 at 1).  Griffin stated he was "expecting additional funds any day now . . . ."  (Id.).  Though Defendant acquiesced through silence to Griffin's first two requests for an extension of time, on March 1, 2013, Defendant filed a memorandum in opposition to Griffin's latest request.  (Doc. No. 19).  Defendant argues Griffin has failed to show good cause for an additional extension.  (Id. at 1).  Defendant points out Griffin "has had ample time to comply with this Court's order to secure counsel" and that if Griffin had secured an attorney, that individual would have filed a notice of appearance or at least contacted defense counsel to notify them of a forthcoming notice of appearance.  (Id. at 2).

Griffin has not responded to Defendant's brief in opposition.  His expectation of receiving funds to pay an attorney apparently has been unfulfilled, as Griffin has not notified my chambers that he has retained counsel to represent him.  Griffin's representation of soon-arriving funds was the only basis for an additional extension of time.  Given Griffin's history of delay and his failure to pursue his allegations in the six months since Defendant filed its motion to dismiss, all claims presented in this case shall be dismissed with prejudice.  See *Link v. Wabash R.R. Co.*, 370 U.S. 626,

2

633 (1962) ("when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute . . .").

    So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
